UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AUTHOR RAY TURNER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>CHERRY LINDAMOOD, Warden )<br>)<br>Respondent. ) | No. 3:16-cv-2593<br>Judge Aleta A. Trauger |

## **MEMORANDUM**

The petitioner Author Ray Turner,[1] a state prisoner incarcerated at the South Central Correctional Facility in Clifton, Tennessee, filed a *pro se* petition under 28 U.S.C. § 2254 for the writ of habeas corpus. (Doc. No. 1.) The petitioner is proceeding *in forma pauperis*. (Doc. No. 3.)

Presently before the court is the petitioner's motion to seek permission for leave to return to the trial court with sufficient notice to file and to preserve due process and double jeopardy claim which the court construes as a motion to amend the petition and to stay the proceedings pending exhaustion in the state court (hereinafter "Motion"). (Doc. No. 30.) The respondent asserts that the petitioner's Motion should be denied because the claims the petitioner seeks to add do not relate back and are time-barred, and because even if the petitioner were granted leave to amend, the claims are procedurally defaulted and meritless and amendment would be futile.

## **Factual Allegations and Procedural History**

---

[1] Although the state court referred to the petitioner as Arthur Ray Turner, the petitioner uses the name Author Ray Turner in this court. The court will refer to the petitioner by the name he uses in these proceedings.

In 1995, the Petitioner, pursuant to a plea agreement, pleaded guilty to especially aggravated kidnapping, aggravated robbery and two counts of aggravated rape. He was sentenced to 20 years for each of the aggravated rape convictions and ten years for the especially aggravated kidnapping and aggravated robbery convictions. The trial court ordered the petitioner's sentences to run concurrent, except for the rape sentences which were to run consecutive for an effective sentence of 40 years. Over the course of the next several years, the petitioner unsuccessfully sought appellate and post-conviction relief.

On December 9, 2008, the petitioner filed a petition for habeas corpus relief in the state court challenging the legality of his sentence, arguing that his sentences and corresponding judgment — which reflected a thirty percent release eligibility for each conviction — directly contradicted the statutory mandate of Tennessee Code Annotated § 39-13-523, which provides that any offender convicted of two counts of aggravated rape "shall be required to serve the entire sentence imposed by the court." The habeas court dismissed the petition, but the Tennessee Court of Criminal Appeals ("TCCA") reversed, concluding that the petitioner's sentences for aggravated rape were illegal on the face of the judgments because they contravened the state statute. The TCCA remanded the case to the habeas court for the appointment of counsel and an evidentiary hearing to determine whether the petitioner was entitled to withdraw his guilty plea. The TCCA directed the habeas court to determine, at the evidentiary hearing, whether the illegal sentence was a material element of the petitioner's plea agreement. If it was, then the TCCA directed the habeas court to allow the petitioner to withdraw his plea unless he reached an agreement with the state.

After the evidentiary hearing, the habeas court found that the thirty percent release eligibility was a material bargained-for element of the plea agreement, granted the petition and

transferred the case to the Davidson County Criminal Court for further proceedings, noting that the petitioner was entitled to withdraw his plea if he did not reach an agreement with the state. The state unsuccessfully appealed and the petitioner withdrew his guilty plea and proceeded to trial.

After a jury trial the petitioner was convicted of four counts of aggravated rape, one count of attempted aggravated rape, one count of aggravated kidnapping and one count of aggravated robbery. (ECF No. 20-1 at Page ID# 287.) The petitioner was sentenced to 20 years for each of the aggravated rape convictions, 10 years for the attempted aggravated rape conviction, 20 years for the especially aggravated kidnapping conviction and 10 years for the especially aggravated robbery conviction. (*Id.* at Page ID## 288-94.) The trial court ordered that the two rape convictions, the attempted rape conviction and the kidnapping conviction be served consecutively for an effective sentence of 70 years' imprisonment. (*Id.* at Page ID# 288.)

The TCCA affirmed the petitioner's conviction in an unpublished opinion issued on May 28, 2014. *State v. Turner*, No. M2013-00277-CCA-R3CD, 2014 WL 2442993, at *1 (Tenn. Crim. App. May 28, 2014) [*Turner I*]. The petitioner sought leave to appeal to the Tennessee Supreme Court ("TSC"), which was denied on October 22, 2014. *Id.*

The petitioner sought post-conviction relief in the state trial court, which was denied on July 14, 2015. (ECF No. 20-26 at Page ID## 1840-47.) The petitioner appealed to the TCCA, which affirmed the judgment of the state post-conviction court on July 22, 2016. *Turner v. State*, No. M2015-01572-CCA-R3-PC, 2016 WL 4009559, at *1 (Tenn. Crim. App. July 22, 2016) [*Turner II*]. He did not seek leave to appeal to the TSC. *Id.*

On September 23, 2016, the petitioner timely filed his original federal habeas petition alleging claims for (verbatim):

3

1. The trial court and the criminal court of appeals violated the petitioner's right to due process pursuant to *Brady v. Maryland* [when they] refused to dismiss[] criminal charges in [the petitioner's] case after it was discover[ed] that the state had destroyed all the DNA evidence in [the petitioner's] case.

2. The [TCCA] . . . fail[ed] to rule on issues raised by the petitioner[] on his appeal . . . .

    a. That . . . Judge Steve R. Dozier violated the petitioner's right to due process by having the criminal court clerk's office[] remove [the petitioner's] case from his docket.

    b. That the petitioner was not taken before a magistrate within 72 hour[s] of his arrest on 12-21-10 by [the] Davidson County Sheriff['s] Department.

    c. That the petitioner was prosecuted outside of the statute of limitations.

    d. That the petitioner[] . . . was denied due process when the Davidson County Sheriff's Department destroyed the rape kit in his case.

3. The trial court and the state attorney general violated the [petitioner's] . . . constitution[ally] protected right to due process [under the] Sixth Amendment and [the] Fourteenth Amendment . . . [and his right to] equal protection [under the Fourteenth Amendment]

4. The petition[er's] trial counsel, appe[llate] . . . counsel [and] post-conviction counsel [provided ineffective assistance.]

(Doc. No. 1 at Page ID## 9-56.) The respondent filed an answer, arguing that the petitioner's claims are procedurally defaulted or fail on the merits. (Doc. No. 21.) The petitioner filed a reply to the respondent's arguments. (ECF No. 28.)

On October 2, 2017, the petitioner filed the instant Motion, seeking to amend the petition to add claims for violation of the petitioner's "substantive due process" rights and double jeopardy (hereinafter collectively "the new claims"). (ECF No. 30.) The petitioner also requests that the court stay these proceedings so that he may return to the state court to exhaust these new claims. (*Id.*) On October 17, 2017, the respondent filed an opposition, arguing that the new

claims are time-barred, procedurally defaulted, and without merit, and, thus, amendment would be futile. (ECF No. 32.)

**Discussion**

I. Statute of Limitations

The respondent argues that the new claims are barred by the statute of limitations because they were not raised until September 27, 2017.[2]

Here, as in most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). After the Tennessee Court of Criminal Appeals issued an opinion affirming the trial court's judgment, the petitioner applied for permission to appeal to the Tennessee Supreme Court, which was denied on October 22, 2014. *Turner I*, 2014 WL 2442993, at *1. The petitioner did not file a petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which the petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on January 21, 2015. Under § 2244(d)(1)(A), the petitioner had one year from that date within which to file an amended petition. The petitioner did not file the Motion in this court until

---

[2] The respondent states that the Motion was not filed until October 3, 2017, but the document itself is stamped received on October 2, 2017. Regardless however, under Sixth Circuit precedent, a document is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). The petitioner declares that he mailed the Motion on September 27, 2017. Accordingly, it shall be deemed filed as of that date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials).

September 27, 2017. Thus, absent tolling, his application to amend the petition to include the new claims is time-barred.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitation is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period has expired, collateral petitions can no longer serve to avoid a statute of limitations. Id.; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). On December 23, 2014,[3] when the petitioner filed his petition for state post-conviction relief, the limitations period was statutorily tolled. See 28 U.S.C. § 2244(d)(2). Because the petitioner filed his pro se petition for state post-conviction relief before the running of the 90-day period for filing a petition for writ of certiorari had expired, the one-year statute of limitations for filing a federal habeas petition did not begin to run until all levels of state appellate review of the petitioner's post-conviction petition were complete or abandoned.

On July 22, 2016, the TCCA affirmed the denial of state post-conviction relief. *See Turner II*, 2016 WL 4009559, at *1. The petitioner did not file an application for permission to appeal to the TSC. Thus, on July 23, 2016, the day after the TCCA affirmed the denial of post-conviction relief, the limitations period began to run. *See Lawrence*, 549 U.S at 332. At that point, the petitioner had one year within which to file his federal habeas petition, or until July 23, 2017. The petitioner timely filed the original petition on September 23, 2016. The petitioner, however, did not file the instant Motion until September 27, 2017, more than two months after

---

[3] The petitioner declared that he placed the petition in the prison mail system on December 23, 2014. *See* Note 1, *supra.*

the statute of limitations had expired. Thus, any amendment to the petition would be time-barred.

II. Relation Back

Although the new claims are time-barred, the petitioner may still be permitted to amend the petition if the new claims "relate back" to claims raised in the original petition. The respondent argues that the new claims do not relate back because they do not arise out of the same conduct, transaction or occurrence; nor are they tied to a common core of operative facts.

Fed.R.Civ.P. 15, which governs pleading amendments in civil cases, is applicable to federal habeas corpus proceedings. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Under Fed.R.Civ.P. 15(c), an otherwise time-barred amendment to a pleading is permitted if it "relates back to the date of the original [timely] pleading." Relation back occurs when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(2). The Supreme Court has clarified that, in the context of federal habeas proceedings governed by the AEDPA's one-year statute of limitations, an amendment to the petition to add untimely claims is permitted under Fed.R.Civ.P. 15(c)(2) only when the proposed claims "arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Mayle*, 545 U.S. at 657. In other words, "[a]n amended petition . . . does not relate back (and thereby escape the AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650.

In the Motion, the petitioner alleges that the plea agreement he signed was a "product of fraud" because it violated Tennessee law, which thereby "divested the Tennessee courts" of

7

jurisdiction to seek a new prosecution. (ECF No. 30 at Page ID # 2031.) However, the petitioner was subject to a "new prosecution" which, he contends, violated double jeopardy and his right to substantive due process. (*Id.*) The new claims related to the petitioner's original guilty plea and the consequences, if any, of that plea. The claims in the original petition relate to conduct at trial, post-trial and on appeal and do not relate to the petitioner's guilty plea. Although the petitioner argues in the original petition that he should not have been re-prosecuted because the statute of limitations had expired, he bases this argument on the passage of time and not on the effects of the allegedly fraudulent plea agreement. The new claims do not rely on the same set of facts as the claims raised in the original petition, and the new claims differ in time and type from the claims in the original petition. Accordingly, the new claims do not relate back to the original petition and are time-barred.

III.   Futility

Even if the new claims were not time-barred, the petitioner would still not be permitted to amend the petition because doing so would be futile. In determining whether to grant leave to amend, the court considers, among other things, whether there has been "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir.1998) (quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir.1994). Where Petitioner raises a procedurally defaulted claim, amendment would be futile and the motion to amend may be denied. *Wiedbrauk v. Lavigne*, 174 F.App'x 993, 1001 (6th Cir. 2006).

The petitioner did not raise the new claims on direct appeal or in his state post-conviction proceedings. As such, these claims are unexhausted. However, because he completed available

post-conviction remedies in state court, the petitioner has exhausted his state remedies; there is no other procedure under Tennessee law that would allow him to present the new claims to the state courts. *See* Tenn. Code Ann. 40-30-102(a). As a result, the new claims are considered exhausted but procedurally barred. *See Cone v. Bell*, 243 F.3d 961, 967 (6th Cir. 2001) (citing *Coleman*, 501 U.S. at 752-53), rev'd on other grounds, 535 U.S. 635 (2002). (concluding that, "[i]f the claims presented in the federal court were never actually presented in the state courts, but a state procedural rule now prohibits the state court from considering them, the claims are considered exhausted, but are procedurally barred.")

Where, as here, the petitioner failed to comply with state procedural rules requiring the timely presentation of constitutional claims, he waived the right to federal habeas corpus review of those claims, "absent a showing of cause for the non-compliance and some showing of actual prejudice resulting from the alleged constitutional violation." *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977); *accord Engle v. Isaac*, 456 U.S. 107, 129 (1982) (recognizing that "any prisoner bringing a constitutional claim to the federal courthouse after a state procedural default must demonstrate cause and actual prejudice before obtaining relief.")

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991) (concluding that, "[w]hen a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court.") Therefore, to excuse his procedural default of the new claims, the petitioner must first demonstrate cause for his failure to present them to the state courts. "[T]he existence of cause for

a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

The petitioner does not allege any cause for his failure to raise the new claims in the state court. Even if the petitioner were to allege that his appellate or state post-conviction counsel is to blame for his failure to raise the new claims in the state court on direct or collateral review, he still could not show cause sufficient to overcome the procedural default. "[A] petitioner [ordinarily] cannot claim constitutionally ineffective assistance of counsel" at "state post-conviction proceedings" because "[t]here is no constitutional right to an attorney" at those proceedings. *Coleman v. Thompson*, 501 U.S. at 752. As such, attorney error in state post-conviction proceedings "cannot constitute cause to excuse [a] default in federal habeas." Id. at 757.

In *Martinez v. Ryan*, 132 S.Ct. 1309, 1315 (2012), , the Supreme Court "qualified" the general rule set forth in *Coleman*, holding that:

> [w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, 132 S.Ct. at 1320.[4]

---

[4] In *Trevino v. Thaler*, 133 S.Ct. 1911 (2013) the Supreme Court narrowly expanded the holding in *Martinez* to cases in which "state procedural law does not expressly prohibit a defendant from raising an ineffective-assistance claim on direct appeal, [but] the state's 'procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal'." *West v. Carpenter*, 790 F.3d 693, 697 (6th Cir. 2015), *cert. denied sub nom. West v. Westbrooks*, 136 S. Ct. 1456, 194 L. Ed. 2d 557 (2016) (quoting *Trevino*, 133 S.Ct. at 1921).

Thus, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of *a claim of ineffective assistance at trial. Id.* at 1315 (emphasis added). The Sixth Circuit has strictly enforced the limitation on the scope of *Martinez*, explaining that "[w]e will assume that the Supreme Court meant exactly what it wrote." *Hodges v. Colson*, 727 F.3d 517, 531 (6th Cir. 2013) (holding that ineffective assistance of post-conviction counsel did not excuse default of substantive mental-competence claim or of ineffective-assistance-of-appellate-counsel claim).[5] The petitioner seeks to amend the petition to add the new claims, neither of which is a claim for ineffective assistance of trial counsel. Thus, *Martinez* cannot save these claims.

The petitioner would fare no better, even if he argued that ineffective assistance of his appellate counsel was the "cause" for his procedural default of the new claims. As noted above, to show cause sufficient to excuse a failure to raise the new claims in state court, the petitioner must point to "some objective factor external to the defense" that prevented him from raising the issue in the state court. *Murray*, 477 U.S. at 488. Factors that may establish cause include interference by officials, attorney error rising to the level of ineffective assistance of counsel, and a showing that the factual or legal basis for a claim was not reasonably available. *Cvijetinovic v. Eberlin*, 617 F.3d 833, 837 (6th Cir. 2010) (citing *Hargrave-Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir. 2004) (quoting *McClesky*, 499 U.S. at 493-94 (quotations omitted)). However, to serve as cause to excuse the default, a claim of ineffective assistance of appellate counsel must be properly exhausted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). The petitioner has not

---

[5] Very recently, the Supreme Court confirmed its hesitance to expand the scope of *Martinez. See Davila v. Davis*¸137 S.Ct. 2058, 2065 (2017) (stating the "[p]etitioner asks us to extend *Martinez* to allow a federal court to hear a substantial, but procedurally defaulted, claim of ineffective assistance of appellate counsel when a prisoner's state postconviction counsel provides ineffective assistance by failing to raise that claim. We decline to do so.")

raised a claim for ineffective assistance of appellate counsel in the state courts in connection with his convictions at trial. Thus, even if he tried to establish "cause" by arguing ineffective assistance of appellate counsel, he could not prevail because he cannot now exhaust this claim in state court. As explained above, such a claim would be considered exhausted, but procedurally defaulted. *See Cone*, 243 F.3d at 967. As a result, for the petitioner to use a claim for ineffective assistance of appellate counsel as "cause" for his failure to exhaust the new claims, he would first need to meet the "cause" and "prejudice" standard for the claim of ineffective assistance of appellate counsel *itself*. *See Edwards*, 529 U.S. at 451-53 (holding that "ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim. And we held in [*Murray v. Carrier*, 477 U.S. at 488-89] that the principles of comity and federalism that underlie our longstanding exhaustion doctrine— then as now codified in the federal habeas statute, see 28 U.S.C. §§ 2254(b), (c)—require *that* constitutional claim, like others, to be first raised in state court." (emphasis in original).)

Because the new claims were never raised in the state court and the petitioner has no avenue by which to raise them in state court and because the petitioner has failed to allege, not to mention establish, cause for his failure to raise the new claims in state court, the new claims are procedurally defaulted and amendment would be futile.

Finally, even if the new claims were not procedurally defaulted, amendment would still be futile because the new claims are meritless.

> It has long been settled . . ., that the Double Jeopardy Clause's general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction.

12

*Lockhart v. Nelson*, 488 U.S. 33, 38 (1988) (citing *United States v. Ball*, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896) (retrial permissible following reversal of conviction on direct appeal); *United States v. Tateo*, 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964) (retrial permissible when conviction declared invalid on collateral attack.) Likewise, the Double Jeopardy Clause does not prevent retrial, where, as here, a criminal defendant is successful in challenging a conviction based upon a guilty plea. *See United States v. Moulder*, 141 F.3d 568, 571 (5th Cir. 1998) (recognizing that, "'[w]hen a defendant repudiates the plea bargain, either by withdrawing the plea or by successfully challenging his conviction on appeal, there is no double jeopardy (or other) obstacle to restoring the relationship between the defendant and state as it existed prior to the defunct bargain'"); *United States v. Dyer*, 136 F.3d 417, 429 n.29 (5th Cir. 1998) (noting that, "[i]f a plea of guilty is withdrawn, or a plea agreement is abrogated, double jeopardy principles do not proscribe the imposition of a harsher punishment if the defendant is re-convicted"); *United States v. Podde*, 105 F.3d 813, 816-17 (2nd Cir. 1997) (recognizing that "[t]he numerous cases that consider this issue [of whether the double jeopardy clause applies when a defendant has withdrawn or successfully challenged his plea of guilty] 'hold with apparent unanimity that when [the] defendant repudiates the plea bargain, either by withdrawing the plea or by successfully challenging his conviction on appeal, there is no double jeopardy . . . obstacle to restoring the relationship between defendant and the state as it existed prior to the defunct bargain.'"); *see also*, *United States v. Whitely*, 759 F.2d 327, 332 (4th Cir. 1985), cert. denied, 474 U.S. 873, 106 S.Ct. 196, 88 L.Ed.2d 164 (1985) ("After a guilty plea has been set aside, neither retrial nor an increased sentence infringes the rights protected by the double jeopardy clause.") (citing *North Carolina v. Pearce*, 395 U.S. 711, 719-21, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)).

Here, the TCCA determined, on appeal from the denial of the petitioner's petition for habeas corpus relief, that the petitioner would be entitled to withdraw his guilty plea if the illegal sentence was a material element of the petitioner's plea agreement. On remand, the habeas court concluded that the illegal sentence was a material element of the plea agreement and the petitioner was permitted to withdraw his plea. The Double Jeopardy clause was not violated when the State subsequently prosecuted the petitioner. *See Delgado v. Florida Dep't of Corr.,* 659 F.3d 1311, 1324–25 (11th Cir. 2011) (explaining that "[j]eopardy is said to 'attach' when a defendant is 'put to trial.' But the protection of the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy . . . . [T]he Supreme Court has determined that most appellate reversals of convictions do not qualify as such terminating events because the criminal proceedings against [the] accused have not run their full course. In other words—and particularly in light of the fact that the defendant was theretofore under a verdict of guilt—in a very real sense, the defendant was never out of jeopardy. Since it stands to reason that a defendant cannot be put in jeopardy a second time when his original jeopardy has yet to end, [retrying a defendant who succeeds in having his conviction set aside on appeal or collateral attack] does not offend the Double Jeopardy Clause." (internal citations and quotation marks omitted).) Thus, the petitioner's double jeopardy claim is meritless and amendment to add this claim would be futile.

The petitioner's claim that his substantive due process rights were violated by his re-prosecution, is likewise without merit. "Substantive due process prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of

ordered liberty." *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 431 (6th Cir. 2002). "Substantive due process serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)).

"Where a particular [a]mendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that [a]mendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing such a claim." *Albright v. Oliver*, 510 U.S. 266, 266 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)) (holding that the Fourth Amendment, not substantive due process, provides the standard for analyzing claims involving unreasonable search or seizure of free citizens, and the Eighth Amendment provides the standard for such searches of prisoners)). If such an amendment exists, the substantive due process claim is properly dismissed. *Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013).

The petitioner alleges that his rights under the Fifth Amendment's double-jeopardy prohibition were violated, thus, the Fifth Amendment provides an explicit source of constitutional protection to the petitioner concerning his claim that re-prosecution violated his constitutional rights. Accordingly, the petitioner's substantive due process claim is coterminous with his double jeopardy claim and is, likewise, meritless. Consequently, amendment to add the new claims would be futile.

## **Conclusion**

Based on the foregoing, the petitioner's motion to amend the petition (ECF No. 30) will be denied. The petitioner's motion to ascertain status of motion will be denied as moot. (ECF No. 33.) This matter is now fully briefed. The court will issue a decision as soon as practicable.

ENTER this 29th day of November 2017.

_____
ALETA A. TRAUGER
LUNITED STATES DISTRICT JUDGE